NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0224n.06
Filed: March 29, 2005

No. 03-3986

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
      Plaintiff-Appellee,

                                                    On Appeal from the
v.                                                  United States District Court
                                                    for the Northern District of Ohio.

JAMES F.R. HOLLEY,
      Defendant-Appellant.

---

Before:      KENNEDY, NORRIS, AND COLE Circuit Judges

---

**KENNEDY, J.** Defendant James R. Holley challenges the district court's application of the Sentencing Guidelines during his sentencing on a single-count indictment alleging interstate travel with the intent to engage in prohibited sexual conduct with a minor in violation of 18 U.S.C. § 2423(b) (2002) (amended Nov. 2002). Because we find that the district court incorrectly applied an enhancement under U.S. SENTENCING GUIDELINES MANUAL, § 2A3.2(b)(2)(A) (2002) (amended Nov. 2004) and additionally that *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005) requires remand for resentencing, we **REMAND** to the district court.

## BACKGROUND

Defendant pled guilty to a single-count indictment alleging interstate travel with the intent to engage in prohibited sexual conduct with a minor in violation of 18 U.S.C. § 2423(b). Defendant engaged in several sexually explicit conversations with an undercover officer posing as a thirteen-year old girl between April and October of 2002. Defendant originally told her he was nineteen-

year-old male from New York. In subsequent conversations, Defendant told her he was twenty-three. Finally, in September, Defendant told her that he was actually twenty-eight, his actual age.

In those conversations, Defendant offered to send the officer a bus ticket to travel to his home in New York to engage in sexual activity, gave the officer his home phone, personal email, and his home address. In September of 2002, the officer and Defendant discussed his traveling from his home in Rochester, New York to New Philadelphia, Ohio, to meet the officer. By September 25, 2002, the officer and Defendant had arranged their meeting.

On October 13, 2002, Defendant traveled to New Philadelphia, Ohio. Upon arriving at a hotel in New Philadelphia, Defendant made arrangements over the Internet to meet the officer at a nearby mall. The next day, police arrested Defendant. He immediately provided a written confession to police, acknowledging the wrongfulness of his actions. In Defendant's hotel room, police found birth control foam and condoms.

The government charged Defendant in a single-count indictment of violating 18 U.S.C. § 2423(b) by traveling from New York to Ohio in October of 2002 with the intent to engage in a sexual act with a minor. At the time, the statute provided:

> A person who travels in interstate commerce, or conspires to do so . . . for the purpose of engaging in any sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States shall be fined under this title, imprisoned not more than 15 years, or both.

18 U.S.C. § 2423(b). Defendant pled guilty without a written plea agreement.

In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report using the 2002 edition of the Sentencing Guidelines (amended Nov. 2004) and applying U.S.S.G. § 2A3.2. Under U.S.S.G. § 2A3.2(a)(2), Defendant's base offense level was

calculated to be 21. To this, the probation officer proposed a two-level enhancement under U.S.S.G. § 2A3.2(b)(3) because Defendant used a computer to facilitate the offense. Defendant did not challenge that enhancement.

The probation officer also proposed a two-level enhancement under U.S.S.G. § 2A3.2(b)(2)(A), which, in relevant part, allows a two-level offense level increase if:

> the offense involved the knowing misrepresentation of a participant's identity to (i) persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct; or (ii) to facilitate transportation or travel, by the victim or a participant, to engage in prohibited sexual conduct . . .

U.S.S.G. § 2A3.2(b)(2)(A). Defendant objected in writing to the application of this Guideline. The district court accepted the government's argument that Defendant's earlier e-mails attempting to lure the victim to New York, in which he represented his age as nineteen, was relevant conduct that met the requirements of subsection A. It applied the enhancement. The district court also reduced Defendant's offense level by three levels under U.S.S.G. § 3C1.1 for acceptance of responsibility. The district court then sentenced Defendant to 41 months imprisonment. This appeal followed.

## ANALYSIS

A district court's interpretation of the Sentencing Guidelines is subject to *de novo* review. *United States v. Campbell*, 317 F.3d 597, 604 (6th Cir. 2003). This court recently held that enhancements under U.S.S.G. § 2A.3.2(b)(2)(B) (Nov. 2004) do not apply to cases involving an undercover police officer posing as a minor. *United States v. Chriswell*, No. 04-5020, 2005 WL 627557 (6th Cir. Mar. 18, 2005). *Booker*, 125 S. Ct. at 764, made the Guidelines advisory. This court in *U.S. v. Barnett*, 398 F.3d 516, 526-30 (6th Cir. 2005) determined that defendants on direct appeal who are sentenced under a mandatory Guidelines regime are entitled to a presumption of prejudice under plain error review.

3

Because this case involved an undercover police officer posing as a minor, and because the Guidelines were mandatory when the court sentenced defendant, defendant must be re-sentenced. Although *Chriswell* discusses a later version of the Guidelines, the holding in *Chriswell* indicates that an enhancement for misrepresentation is inapplicable when no actual victim is present. *See Chriswell*, 2005 WL 627557 at *9-*11. Therefore, the district court should not consider U.S.S.G. § 2A.3.2(b)(2)(B) (Nov. 2002) or the applicable amended version of that Guideline.

On remand, the district court must take into account the relevant factors of 18 U.S.C. § 3553, as well as "consult th[e] Guidelines and take them into account" *Booker*, 125 S. Ct. at 767, when it re-sentences Defendant.

## CONCLUSION

For the reasons stated above, we **REMAND** this case for re-sentencing.